IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00742-GPG

IBRAHIM DALIS,

    Petitioner,

v.

CITY OF AURORA, COLORADO,

    Respondent.

---

ORDER OF DISMISSAL

---

Petitioner, Ibrahim Dalis, has filed *pro se* a "Petition to Declare Municipal Ordinances Unconstitutional and Request for Injunctive Relief" (ECF No. 1) and an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" (ECF No. 3). Although Mr. Dalis has not filed a pleading on the proper form as required by the Court's local rules, the Court will not direct him to cure this deficiency. The "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" will be granted.

The Court must construe the petition liberally because Mr. Dalis is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the petition reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not act as an advocate for a *pro se* litigant.  *See id.*

Mr. Dalis alleges in the petition that he has received at least five summonses charging him with violating municipal zoning ordinances adopted by Respondent.  He further alleges that "all violations carry a fine of up to $2,650 and/or up to one year in jail." (ECF No. 1 at 3.)  According to Mr. Dalis, a jury trial with respect to the first summons is set for April 14, 2015, in the Aurora Municipal Court and "[t]he rest of the summonses were set for trial by judge at different dates thereafter, mostly during the month of April." (*Id.* at 4.)  Mr. Dalis asserts constitutional claims in the petition challenging the zoning ordinances facially and as applied to him.  As relief he asks the Court to intervene in the pending Aurora Municipal Court zoning enforcement cases and declare the zoning ordinances unconstitutional.  In the alternative,

> Petitioner pleads with the Court to investigate the abusive and selective enforcement of the ordinances against Petitioner and issue injunctive relief in his favor as deemed just and appropriate.  Because Petitioner is facing prosecution on several alleged violations of the ordinances in question, Petitioner pleads with this Honorable Court to grant him stay of the judicial proceedings on all summonses he is facing until this Honorable Court disposes of the constitutional question.

(ECF No. 1 at 21.)

The Court must abstain from exercising jurisdiction over Mr. Dalis' constitutional claims in accordance with *Younger v. Harris*, 401 U.S. 37, 44 (1971).  Pursuant to *Younger*, federal courts must refrain from interfering in ongoing state court proceedings in the absence of extraordinary circumstances.  *See Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996).  Abstention under *Younger* is appropriate when three conditions

are met.

> First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997).

All three conditions are met in this action. First, it is apparent that the state court proceedings are ongoing. Second, Mr. Dalis fails to demonstrate the state court is not an adequate forum in which to raise his constitutional claims or that he will be prevented from raising his constitutional claims in the course of the state court proceedings. Finally, the state court zoning enforcement proceedings are traditional state law matters that implicate important state interests. *See Lamberth v. Miller*, 363 F. App'x 565, 568 (10th Cir. 2010). Therefore, the Court will abstain from exercising jurisdiction pursuant to *Younger*.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Petitioner files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" (ECF No. 3) is granted. It is

FURTHER ORDERED that the "Petition to Declare Municipal Ordinances Unconstitutional and Request for Injunctive Relief" (ECF No. 1) is denied and the action is dismissed without prejudice pursuant to the *Younger* abstention doctrine. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  13th  day of    April   , 2015.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court