IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00742-LTB

IBRAHIM DALIS,

    Petitioner,

v.

CITY OF AURORA, COLORADO,

    Respondent.

---

ORDER DENYING MOTION TO RECONSIDER

---

    Petitioner, Ibrahim Dalis, has filed *pro se* a "Motion to Reconsider Dismissal of Petition" (ECF No. 6) asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 4) and the Judgment (ECF No. 5) entered in this action on April 13, 2015. The Court must construe the motion to reconsider liberally because Mr. Dalis is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion to reconsider will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will

consider the motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

Mr. Dalis has received five summonses charging him with violating municipal zoning ordinances. He filed this action asserting constitutional claims challenging the zoning ordinances facially and as applied to him and asking the Court to intervene in the Aurora Municipal Court zoning enforcement actions set for trial in April 2015. The Court abstained from exercising jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and dismissed the action. Mr. Dalis primarily argues in the motion to reconsider that *Younger* abstention is not appropriate because he is being prosecuted in bad faith.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Dalis fails to demonstrate any reason why the Court should reconsider and vacate the order dismissing this action. Mr. Dalis' conclusory allegations that he is being prosecuted in bad faith are not sufficient to overcome the bar of *Younger*

abstention.  *See Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (stating that it is the plaintiff's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment."). Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion to Reconsider Dismissal of Petition" (ECF No. 6) is DENIED.

DATED at Denver, Colorado, this  11th  day of    May    , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court